Vern S. Lazaroff, Esq.
PO Box 1108
143 Pike Street
Port Jervis, NY 12771
(845)856-5335

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------------------X
 In re:
    LAURIE MOSCA

                                                      CHAPTER 13
                                                      CASE NO. 16-36790 (CGM)

                       Debtor.
-------------------------------------------------------------------X

STATE OF NEW YORK    }
                                      } ss.
COUNTY OF ORANGE    }

## **AFFIDAVIT**

    I, Vern S. Lazaroff, being duly sworn, affirms the following under the penalties of perjury:

1. I am the attorney for the Debtor in the above captioned matter.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Sections 1334 and 157 (e), and 11 U.S.C. Section 362.

3. That I make this Affidavit in support of Debtor's Motion to Reinstate her Chapter 13 Bankruptcy after a dismissal based upon the Trustee's motion. Exhibit "A".

4. That the Debtor's Chapter 13 Petition was filed on October 18, 2016. Her Plan was Confirmed on May 24, 2017.

5. That Debtor has consistently made her payments to the Trustee for a period of nearly three years. That at the time of the dismissal the Debtor owed a total of $1,100.00. The Debtor apparently miscalculated her arrears and forwarded a money order to the Trustee in the amount of $850.00. Exhibit "1" Upon motion of the Trustee the Court granted a dismissal of Debtor's case on August 20, 2019. Counsel was in Court on the date of the dismissal hearing but

mistakenly believed that the arrears had been cured and that the motion would be withdrawn. Counsel left the Courtroom prior to the the Debtor's calendar call.

6. On August 23, 2019, the Debtor deposited $250.00 into my attorney escrow account to pay the balance of arrears to the Trustee should this Court grant the instant motion. Exhibit "B".

7. That I have know the Debtor since 2011. I represented the Debtor in a divorce from a physically and emotionally abusive spouse. The Debtor raised her two children by herself and found steady employment with the local Home Depot and managed to support herself and her two children.

8. The Debtor's vehicle is subject to a cram down in the Chapter 13 Plan. Debtor owed Chrysler Capital $21,744.50 for a 2013 Doge Avenger at the time of filing in October of 2016. The market value was just $9,767.44. Debtor's payments to this creditor in the Plan would total $10,256.44. To date, the Debtor has remitted approximately $6,000.00 to Chrysler Capital leaving a balance of $2,700.00. Debtor is dependent on this vehicle for a daily sixty-mile commute to work and all of her other necessary travel.

9. That reinstatement of the Debtor's Petition would net be prejudicial to any creditor as the Plan funding would remain the same in the total amount paid and in the length of the Plan.

10. That the Debtor hereby requests that this Court issue a Preliminary Stay against all creditors pending its decision on this application. Debtor has expressed a great deal of worry that the secured creditor for her motor vehicle, Chrysler Capital, may attempt to repossess the Debtor's only means of transportation, her secured 2013 Dodge.

**WHEREFORE**, the Debtor hereby requests that this Honorable Court reinstate Debtor's Chapter !3 Petition, grant a Preliminary Stay of the creditors and to grant such other and further relief as the Court deems just and proper.

Dated: August 22, 2019

                                                <u>/s/ Vern S. Lazaroff</u>  
                                                P.O. Box 1108  
                                                143 Pike Street  
                                                Port Jervis, NY 12771  
                                                845-856-5335